## No. 8789.

### FORT COLLINS NATIONAL BANK *v.* WHITTON ET AL.

1. APPEAL AND ERROR—*Verdict on Sufficient Evidence,* will not be disturbed.
2. FRAUDULENT CONVEYANCES—*Support to Grantor.* One who, still being entitled to real property liable to execution and equal in value to all his indebtedness (proceedings for the collection thereof being taken in the orderly course prescribed by law) may lawfully convey lands to another, upon consideration of the latter's agreement to maintain and support him and his wife during their natural lives. The deed is not invalidated by the fact that the debtor's other property is sold under the powers of the deed of trust eight months after the conveyance for so small a sum as to leave a balance of the debt unpaid.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. G. W. MUSSER and Mr. L. D. THOMPSON, for plaintiff in error.

Mr. FRED W. STOW and Mr. HERMAN W. SEAMAN, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The plaintiff in error (hereafter called the bank) brought this action to set aside a deed executed by the defendant John Whitton to two of his co-defendants, John and Sarah Slentz, for certain lots with two residences thereon situate

in Fort Collins, and to subject this property to the payment of a judgment held by the bank against Whitton. A jury made certain findings of facts approved by the court; judgment was for the defendants.

It stands admitted, that on January 3, 1914, Whitton conveyed the real estate in question to the defendants John and Sarah Slentz; that Whitton was then about seventy-six years of age; that his wife was about seventy-four; that Mrs. Slentz was a sister of Mrs. Whitton; that the consideration for the deed was one dollar, love, affection and an agreement by the Slentzes (who were much younger than the Whittons) to provide a home, support and maintain for the remainder of their lives both Mr. and Mrs. Whitton. The bank alleges want of consideration, a voluntary conveyance made for the purpose, and with the intent to hinder, delay and defraud it in the collection of its debt, etc. The defendants allege the making of the deed in good faith, and that the defendant John Whitton had sufficient other property with which to pay all of his indebtedness, etc., and that he had, in good faith, arranged for its ultimate payment.

In answer to special interrogatories, the jury found, that, at the time Whitton executed the deed in question, he was the owner of a half interest in other property, viz, Lots 23 and 24 in Block 18 of the City of Fort Collins, with business buildings thereon called the Whitton Block; that its fair market value at that time was $20,000.00, and that his half interest therein was sufficient to pay his individual debt to the bank; that at that time this block was of sufficient value to pay the total indebtedness of both himself and wife to the bank.

It is claimed that the court erred in refusing to disregard the findings of the jury, and in not rendering judgment for the bank. In this connection, it is urged that the testimony of the defendants stamps the entire transaction as a fraud. There is testimony that about ten months prior to the execution of this deed, the defendant Elizabeth Whitton, the wife of John Whitton, gave to the bank her promissory note

in the sum of $13,000.00 to secure the payment of two notes, one due from her to the bank, the other from her husband to the bank, upon which it thereafter secured the judgment, which it seeks to have satisfied by a sale of the property in question; that the $13,000.00 note was equal in amount to the two notes it was given to secure; that she also gave a deed of trust on the Whitton block (standing of record in her name, clear of any incumbrance) to secure payment of the $13,000.00 note; that, at the time Whitton made his deed to the Slentzes, the Whitton block was of a value from nineteen to thirty-five thousand dollars, largely in excess of the total amount of the two notes which the $13,000.00 note was given to secure; that when Whitton deeded to the Slentzes, although the record title stood in the name of his wife, he was the owner of a one-half interest in the Whitton block; that it was then of sufficient value to pay both his and his wife's debts to the bank; that he conveyed the property to the Slentzes in good faith, for the consideration and purposes therein named heretofore referred to, and with no intention of hindering, delaying or defrauding the bank in the collection of its debts against him. The foregoing testimony being sufficient to sustain the findings of both the court and the jury, it is not the province of this court to disturb it.

It is conceded, that, if Whitton retained sufficient other property for the payment of his debts at the time of the making of the Slentz deed, it is not subject to an attack like the one here attempted, but it is claimed such was not the case. The proof discloses, that when Whitton conveyed the two residences to the Slentzes, he had no other property left of any consequence except his half interest in the Whitton block, covered by the deed of trust to the bank, executed by his wife; that thereafter the bank foreclosed on the latter and caused its sale by the sheriff August 30, 1914, when it was bid in by it for $11,000.00, which was insufficient to pay in full the $13,000.00 note with interest. For these reasons, it is urged that the defendant John Whitton was not, at the time he gave the Slentz deed, possessed of

sufficient property, outside of that covered by this deed with which to pay his debts, or at least that it made the matter questionable, for which reason, the Slentz deed was in law fraudulent and void as to creditors. We cannot agree with this conclusion. The Slentz deed was given January 3, 1914. The foreclosure sale took place about eight months thereafter. Whitton testified that at the time he executed the Slentz deed, the Whitton Block was worth from thirty to thirty-five thousand dollars. Six other witnesses fix its value at that time at nineteen to twenty-two thousand dollars. The jury fixed it at $20,000.00. The bank did not call any witness concerning its value, or attempt in any manner to contradict the testimony or defendants' witnesses concerning it. At the time he gave the Slentz deed, Whitton's debt to the bank was less than $6,300.00, which, according to the finding of the jury, left him a margin of $3,700.00 in the block over the amount necessary to pay the bank. The fact that the block sold for $11,000.00, at a foreclosure sale some eight months thereafter, cannot be said to overcome the testimony which was all one way concerning its value, or the good faith of the defendant Whitton at the time he gave the Slentz deed. The test is, was the value of the Whitton block at that time sufficient for the payment of the two notes, which the $13,000.00 note and deed of trust were given to secure. According to the finding of the jury, it was more than ample.

In *Annis v. Bonar*, 86 Ill. at page 130, it is said:

"The mere fact that a party is indebted does not operate to deny him the right of securing a future support for himself and family, or, for that matter, for any member of his family, or for a stranger, by transferring property therefor, provided that he retains other property of sufficient amount for the payment of his debts. But he cannot defraud creditors by taking everything from which they can enforce payment of their debts, and transferring it to anticipate his own future wants, or those of others."

We do not understand any case has ever held that the validity of a deed like the one under consideration is contingent upon the fact that the grantor's debt will ultimately be paid, but that it is sufficient, as stated in the case last cited, to show that the conditions were such that in the ordinary course prescribed by law for the collection of debts, they would thus be paid. This was the showing here upon behalf of the defendant.

In *Wells v. Schuster-Hax Nat. Bank,* 23 Colo. 534, 48 Pac. 809, $2,500.00 of a copartnership firm's money was taken by one partner with which he purchased land and conveyed it as a settlement upon his daughter. In commenting, this court said:

"A debtor has no right to give away a portion of his property and leave an insufficient amount for his creditors. They should not be called upon to suffer from the hazards of his speculations, or from his financial arrangements, or improvident conduct of business. He must, before making such a settlement, make adequate provision for his existing creditors, so that in the ordinary course prescribed by law for the collection of debts these debts will be paid."

This rule was shown to have been followed here. The evidence discloses that it was through Mr. Whitton that his wife made the deed of trust to the bank upon the Whitton Block; that their total indebtedness, which it was given to secure, was about $13,000.00; that thereafter when the Slentz deed was given, the property was worth $20,000.00, for which reason we cannot say that prior to making the Slentz deed he had not made adequate provision for the payment of his existing debts.

It is claimed that the court erred in allowing the defendant Whitton to testify that he had a half interest in the Whitton Block, and in giving the instructions that if the jury so found, etc., they could consider that fact in determining his financial ability, etc., because the property stood in his wife's name, etc. The testimony discloses that the notes of both Mr. and Mrs. Whitton to the bank for which the $13,000.00 note and deed of trust were given as

collateral security, represented money borrowed from the bank, which was used in the construction of the Whitton Block; that these facts were known to the bank; that for some time the bank had no security for its payment, that when it wanted security, it solicited the husband who caused the wife to give the $13,000.00 note and deed of trust. In such circumstances, in a case involving the husband's ability to pay his obligations, or in having made provisions therefor, we cannot agree that he is estopped, or for any other reason prohibited from showing that he owned the half interest which he caused to be pledged for the payment of his debt, simply because it did not stand of record in his name. *State v. Lewis,* 141 Pac. (Wash.) 1025.

We cannot agree that there is any conflict between Instructions Nos. 3 and 4 or that No. 3 is erroneous. It is to the effect that, if at the time of making the Slentz deed, the jury found that Whitton retained sufficient property to satisfy the bank's debt and that it was under its control so that it could, by appropriate proceedings, be applied to the payment of the debt of Whitton, that then they must find that Whitton was solvent at that time. The testimony discloses that Whitton owed no one else, hence the instruction pertaining to his solvency might properly be limited to the debt of the bank, and when thus applied it states the law correctly. Likewise, when thus applied, it does not necessarily conflict with No. 4, which it is conceded states the general law correctly, and is to the effect that before Whitton could lawfully make the Slentz deed, it was his duty to retain sufficient property to pay his existing debts as they fell due, and that the property retained by him for that purpose must be such property as is available to his creditors; it must be property which is subject to execution.

The judgment is affirmed.

*Affirmed.*

Chief Justice White and Mr. Justice Teller concur.