David **LEVINE** and Lillian Levine, his wife, Appellants,

v.

Alfred **JOHNSON**, as Trustee in Bankruptcy, Appellee.

No. 18287.

United States Court of Appeals Fifth Circuit.

Feb. 9, 1961.

Rehearing Denied March 30, 1961.

Byrd v. Sexton, 8 Cir., 277 F.2d 418, certiorari denied, 364 U.S. 818, 5 L.Ed.2d 48.

J. M. Flowers, Miami, Fla., for appellants.

J. Leo McShane, Miami, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

Appellants were officers and directors of a bankrupt corporation. The appellee, as trustee in original action, alleged that prior to filing of voluntary petition in bankruptcy, the corporation, through appellants, transferred $21,468.55 in cash and equipment to the appellants personally and that this action was condemned by Florida Statutes, § 608.55, F.S.A., and, consequently, the provisions of 11 U.S.C.A. § 110, sub. e(1) renders such transfer ·null and void as a preference to creditors.

The trustee brought this action in the district court on behalf of bankrupt's employee, George Walsh, who had been awarded judgment against bankrupt for injuries sustained in the course of his employment. The judgment was unsatisfied at the time petition in bankruptcy was filed, and remained unsatisfied, although all other undisputed creditors were paid in full.

The trustee contended, and the lower court agreed, that the transfers made from corporate assets should be nullified and moneys recovered from appellants personally and then distributed to Walsh and any other unsatisfied creditor of bankrupt.

At the time the bankruptcy proceeding was terminated, the referee in bankruptcy ordered appellants to turn over the disputed amount, and an additional amount representing the accounts re-

ceivable of the bankrupt, which appellants had used to pay most of the bankrupt's creditors. The district court reversed the order of the referee, finding that the evidence was insufficient to warrant the turnover order through summary proceedings, such evidence at that juncture not being clear and convincing. The court in the order restated certain allegations and referred to the evidence. Appellant contends these are findings of fact and binding on the trustee.

The trustee then instituted this action in the district court and another district court judge found the following pertinent facts:

On July 25, 1956 appellant, David Levine, formed another corporation, at the same location as that already occupied by two other related corporations, one of which voluntarily became the bankrupt here shortly after the award to George Walsh by the Florida Industrial Commission, mentioned above. On August 31, 1956, Levine transferred all of the accounts receivable and the accounts payable of the insolvent corporation to the new corporation. The accounts payable were in the amount of $26,863.30, and the accounts receivable, $27,005.26. Levine satisfied most of the undisputed accounts payable. The transfer of the accounts receivable and the accounts payable did not result in the diminishment of the bankrupt's estate. Trustee could not prove that the bankrupt estate suffered any loss through this transfer, since the receivable account was used to satisfy the payable account.

On January 1, 1956 the books of the corporation reflected that it was indebted to appellants, David Levine and Lillian Levine, in the sum of $20,421.68. This indebtedness was carried on the books as officer's "loan account". This account was later increased by crediting it with various sums purportedly advanced by the Levines from their own funds to the corporation. The amount was also increased by their making checks out to themselves as a bonus, or extra compensation, and depositing these checks,

which were then credited to the loan account. The total amount of the credit in the account was $37,844.42. The loan account was reflected as a stockholder's equity, and intended to be subordinate to any claims by creditors.

Certain equipment was transferred by appellants to one of the new corporations. The only consideration which passed from the new corporation to the bankrupt for this equipment was a reduction in the loan account in the amount of $10,225.25. This was the net equity which the insolvent corporation had in the transferred assets.

Between April 1956 and September 1956 the loan account was thus reduced from $37,844.42 to the sum of $16,375.87, being the $21,468.55 in dispute here The transfer of $10,225.25 heretofore mentioned plus various other disbursements made by the corporation were debited to the loan account. In August 1956 the insolvent corporation ceased doing business completely, without formal dissolution.

George Walsh, the unsatisfied creditor obtained his final judgment on the Florida Industrial Commission award against the bankrupt in July 1957. The voluntary bankrupt petition was promptly filed by Levine.

The lower court found that at all times involved here insolvency of the bankrupt was imminent; that David and Lillian Levine, as officers and directors of the bankrupt, received the property in the amount of $21,468.55; that this receipt resulted in an unlawful preference to creditors, in violation of Florida Statutes, § 608.55, F.S.A. and 11 U.S.C.A. § 110, sub. e(1). They were found personally liable as provided by these statutes.

The following points are raised on appeal:

■ 1. Are the findings of the district court reversing the referee's order binding upon the trustee in bankruptcy?

The only issue adjudicated by the order reversing the referee's order, was the sufficiency of the evidence to warrant the

turnover order of the referee. The district court merely ruled that the evidence was insufficient at that point to warrant the finding of the referee in support of the turnover order. The court held that the summary proceedings had were improper to make such a determination and ruled that the trustee's recourse was to a plenary proceeding for determination of the facts. See 49 C.J.S. Judgments § 71. The order reviewing the referee's order is couched in terms not sounding as findings of fact. It appears that the district court carefully worded the order so as to preclude any interpretation that it was findings of fact in any sense. There is nothing at all to support the appellants' construction of the clear language of the order.

2. Did the district court have jurisdiction?

11 U.S.C.A. § 110, sub. e(1) states: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor."

11 U.S.C.A. § 110, sub. e(3) states: "For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

■■ The federal statute therefore creates a right in the trustee to institute action where a state statute would declare a transfer to be void or voidable. Florida Statutes, § 608.55, F.S.A.[1] declares a transfer invalid if made when insolvency is imminent with intent to prefer creditors. Since these allegations embraced by these statutes appear in the amended complaint there was jurisdiction in the district court.

■ 3. Is there evidence to support the district court's finding that the appellants violated Florida Statutes, § 608.55, F.S.A.?

Appellants contend that since there was no evidence that they personally profited in any way from these transactions they could not be held responsible under the Florida law. That this would relieve them of personal liability imposed under Florida Statutes, § 608.55, F.S.A., however, is a misconception of the clear meaning of the Act itself[2], as construed by the Florida courts. It is preference to creditors with which this statute is concerned. Not all transactions of in-

---

1. Florida Statutes, § 608.55, F.S.A.:

"No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. No holder of stock not fully paid in any corporation shall transfer it to any person in contemplation of the corporation's insolvency. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except in the hands of a purchaser for a valuable consideration without notice. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectfully sustain by such violation."

2. See note 1, supra.

solvent corporations will be regarded as preferential, but the giving of one creditor, or group of creditors, advantage over other creditors clearly does constitute a preference.

In Middleton v. Plantation Homes, Fla. 1954, 71 So.2d 503, at pages 507 and 508 in a very similar case construing the subject statute, the Florida Supreme Court said:

" * * * During the period of time with which we are concerned, Clark, as an unsecured creditor in the amount of his back salary claim, received property from the corporation in a transaction which resulted in an unlawful preference within the plain terms of F.S.A. Section 612.45 [3], thus turning to his own advantage an asset of the corporation which could have been used to satisfy the liens of the underlying mortgages upon the Middleton property. * * * "

" * * * Thus Clark is personally liable to appellants to the full extent of their pecuniary loss only if the preference he received is of greater value than the amount of their loss, but if their loss is in an amount larger than the value of the Clark preference, Clark is liable only for the value of the preference. * * * "

This is in substance precisely what happened in the case here. Crediting cash, debiting advances and simultaneously depositing cash in the same amount as credited obviously equalizes the cash and ostensibly increases the loan account, but subsequent reduction of this same loan could only be and was accomplished by reducing the capital assets. It is the reduction of the capital assets *when bankruptcy was imminent* favoring appellants which was voidable.

The manipulation to the loan account resulting in a reduction of the capital assets of the corporation when bankruptcy was imminent amounted to preference to some creditors, to wit: appellants themselves at the expense of creditor Walsh and possibly others. It is the substance of the transaction, not the machination employed, which controls.

The district court was fully justified in finding appellants personally liable under Florida Statutes, § 608.55, F.S.A., and 11 U.S.C.A. § 110 sub. e (1) and (3) in the amount of $21,468.55.

■ Appellants' other objections attack the findings of fact by the district court based on the bankrupt's books and records and the weight and sufficiency of the evidence. These findings of fact disclose no error on their face and there is nothing in the record certified to this court which controverts any of those factual determinations. It is elementary that such findings of fact will not be upset unless clearly erroneous.

The judgment of the district court is affirmed.

### On Petition for Rehearing

### PER CURIAM.

In a petition for rehearing appellants assert that the holding of this Court results in one of the creditors receiving more than the full amount of his claim against bankrupt's estate. There is no merit in this contention for all issues involving the distribution of bankrupt's estate remain under the jurisdiction of the District Court for determination in accordance with the provisions of the National Bankruptcy Act.

The petition for rehearing is Denied.

---

3. The language of Fla.Stat. § 612.45, F.S.A., referred to is contained verbatim in Fla. Stat. § 608.55, F.S.A.