**In re Phillip Charles MOZER, Debtor.**

**Steven L. ZIMMERMAN, Trustee in Bankruptcy, Plaintiff,**

v.

**Phillip Charles MOZER, United Bank of Denver, N. A., a National Banking Association, and First National Bank of Denver, a National Banking Association, Defendants.**

**Bankruptcy No. 80 M 2525.**

United States Bankruptcy Court, D. Colorado.

May 20, 1981.

Jay S. Horowitz of Denver, Colo., for the plaintiff, Steven L. Zimmerman, Trustee.

Carl A. Eklund, James B. Holden and Arthur H. Bosworth, II, Denver, Colo., for Phillip Mozer.

Thomas D. Birge of Denver, Colo., for First National Bank of Denver.

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

THE MATTER here before me arises upon Defendants' demand for a jury trial. The underlying proceeding is a complaint to set aside as fraudulent certain conveyances made by the debtor, Phillip Charles Mozer. The parties agree that no jury right attaches to the first claim for relief. The Plaintiff, however, contends that there is likewise no right to a jury trial on the second claim, which is based on 11 U.S.C. § 544 and Colorado Revised Statutes, 1973, §§ 38–10–111 and 38–10–117. Defendants Mozer and First National Bank of Denver maintain that the second claim carries with it a right to trial by jury, and request trial to a jury. In addition, First National Bank of Denver moves that I abstain from deciding the jury issue, and either certify the question to the Supreme Court of Colorado, or order Plaintiff to proceed in a state court. I will do neither.

Abstention from the exercise of federal jurisdiction is the exception, not the rule.

> Abdication of the obligation to decide cases can be justified ... only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), at 96 S.Ct. 1244, citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed. 1163 (1959).

This conclusion was also adopted by the United States District Court for the District

of Colorado in *Goldman v. Knecht*, 295 F.Supp. 897 at 901 (1969). The court in *Goldman* refused to abstain from a decision involving the Colorado vagrancy statute, stating that a federal court should invoke the doctrine of abstention only in narrowly limited special circumstances. 295 F.Supp. at 901, *supra*. I find that the facts in the case at hand present none of the compelling reasons for which federal courts have abstained from their duty to hear and decide cases, such as avoidance of an unnecessary decision of a federal constitutional question or avoidance of unnecessary friction in Federal-State relationships. *Goldman, supra*, at p. 900, citing *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

 Likewise, argumentatively assuming I have authority to certify this question, certification to the Supreme Court of the State of Colorado would not be proper in this case. As will be seen, I do not believe that state law on the point to be decided here is so murky as to obstruct a federal court from finding a solution to the state question presented. But even where there is doubt as to local law, resort to certification is not obligatory, but rather "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein*, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed. 215 (1974). I have decided to exercise my discretion to retain and decide all aspects of the pending question of jury trial rights.

The starting place for analysis of right to jury trial in bankruptcy court is 28 U.S.C. § 1480, which reads:

(a) Except as provided in subsection (b) of this section, this chapter [28 USCS §§ 1471 et seq.] and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

Attempts at construction of this section have resulted in confusion and conflicting interpretations. Some commentators and courts have taken the point of view that since the 1978 amendments to Title 28 re-

flect a general desire to abolish the cumbersome "summary—plenary" distinction, the sole inquiry under § 1480 is "whether the Seventh Amendment to the United States Constitution provides a right to jury trial on the contested issues." *Busey v. Fleming*, 8 B.R. 746, 3 CBC 2d 589, (Bkcy.N.D.Georgia, 1980). Also in accord, *Brown v. Frank Medor Buick, Inc.*, 8 B.R. 450, 3 CBC 2d 817 (Bkcy.W.D.Virginia, 1981); *Levy, Trial by Jury Under the Bankruptcy Reform Act of 1978*, 12 Conn.L.Rev. 1.

 In my opinion, the above interpretations fly in the face of the intent of Congress in enacting § 1480, as that intent is expressed in the pertinent legislative history. The House Report discussing § 1480(a) states that it:

continues any current right of litigants in bankruptcy cases, and cases related to bankruptcy cases, such as plenary actions, to a jury trial. H.R.Rep.No.595, 95th Cong., 1st Sess. 448 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6404;

The Senate report concurs that "any current right of a litigant" in a bankruptcy case or proceeding is continued under § 1480(a). S.Rep.No.989, 95th Cong., 2d. Sess., 157 U.S.Code Cong. & Admin.News 1978, pp. 5787, 5943; (1978). Another telling indication of intent is found at H.R.Rep. 595, *supra*, p. 12, U.S.Code Cong. & Admin. News 1978, p. 5973, which explains:

Proposed section 1480 requires that the right of jury trial be *preserved* as it is under *present law*. Bankruptcy courts will be required to hold *jury trials to adjudicate what are under present law called "plenary suits"*, that is, suits that are brought in State or Federal Courts other than the bankruptcy courts. (emphasis added)

These expressions of intent leave no doubt that Congress intended a bankruptcy court's analysis of a jury demand to begin with an inquiry as to whether, on September 30, 1979, the matter before the court would have been categorized as a "plenary" or "summary" suit. Any interpretation omitting this step would result in an expan-

sion of the jury trial right beyond its September 30, 1979, boundaries. Clearly, the legislative intent was to *continue* existing rights, and not to fashion new or broader ones.[1]

The first step in this analysis, then, is to decide whether the matter at hand would have been classified as a "plenary" or a "summary" suit on September 30, 1979. The claim upon which a jury determination is sought alleges that conveyances made by Mozer to a certain trust were invalid under Colorado law, and seeks to set aside those conveyances pursuant to 11 U.S.C. § 544(b). In order to discover the nature of this type of action had it been brought prior to the enactment of the Bankruptcy Code, it is necessary to determine in which section of the former Bankruptcy Act Plaintiff would have turned. According to House Report 595, 95th Cong., 1st Sess. (1977) at 370, subsection 544(b) is derived from former § 70(e) of the Bankruptcy Act (former 11 U.S.C. § 110(e)). Clearly, under the former Act, the trustee would have proceeded under § 70(e) in his action to recover property that was the subject of an allegedly voidable transfer. Actions under § 70(e) were considered plenary actions, as they fell into the category of "suits brought by the bankruptcy receiver or trustee against third persons concerning property not in the possession of the bankruptcy court." 2 *Collier on Bankruptcy*, (14th Ed., 1976) ¶ 23.02, at p. 438.

The next step is to determine in which court this plenary suit could have been brought. Had this suit been brought as a plenary action under former § 70(e), it could have been tried in either the United States District Court for the District of Colorado, or the proper Colorado state court. Section 70(e)(3) stated:

For the purposes of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction.

Under former § 23(b), most plenary suits could be brought only where the bankrupt might have brought them if bankruptcy had never occurred. This meant that for most plenary suits, federal district court was not an available forum unless the standard requisites for federal jurisdiction were present. However, § 23(b) contained an exception for plenary actions under §§ 60(b), 67(e), and 70(e). This exception was reflected in § 70(e)(3), quoted above. Although the latter subsection gives jurisdiction to "any court of bankruptcy," these words have consistently been interpreted in case law and practice as a Congressional grant of jurisdiction to "the United States District Courts sitting, not as bankruptcy courts, but as courts of first instance."[2] 2 *Collier, supra,* at p. 605, 14th Ed. As *Collier* goes on to say,

These exceptions, engrafted on § 23b, make it clear that plenary suits under the sections specified are taken out of the restrictive provisions of § 23 and are cognizable by federal district courts irrespective of whether the general requirements of jurisdiction exist. This grant of federal jurisdiction is allowed a case under 70e to be heard in federal district court regardless of whether or not defendant consented. 2 *Collier, supra,* at p. 609.

Thus the hypothetical issue of consent is immaterial to the question of where this action might have been heard.

It has been suggested that because the grounds upon which the subject transfer is allegedly voidable arise out of state law, there would have been no federal jurisdiction. This argument is refuted by the dis-

**1.** My interpretation of § 1480 agrees with that found in *In re Lafayette Radio Electronics,* 7 B.R. 187 (Bkcy.E.D.N.Y.1980); *In re: G. S. F. Corp.,* 7 B.R. 807 (Bkcy.D.Mass.1980).

**2.** See *Williams v. Austrian,* 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947); *Siegel v. Municipal Capital Corp.,* 102 F.2d 905 (2nd Cir., 1939); *Lowenstein v. Reikes,* 60 F.2d 933 (2nd

cussion above and by case law.[3] Regardless of whether the basis for voidability is state or federal law, the action itself would have been brought under § 70(e), and the jurisdictional grant of § 70(e)(3) would apply.

It is not disputed that the clear language of § 70(e)(3) would have also granted jurisdiction of this action to the proper state trial court. Thus, the answer reached at this second level of inquiry is that under 70(e), the Trustee could have brought this lawsuit in either state or federal district court.

At this point, there is a fork in the path of this analysis. Were this action brought in a state court, would Defendants have had a right to jury trial under a statute in effect on September 30, 1979? Would Defendants have had such a right in federal district court? We must explore both issues.

What if this case were to be heard in Federal District Court? As provided by Rule 38 of the Federal Rules of Civil Procedure, in the absence of a specific statute, the right to trial by jury in a civil action derives from the Seventh Amendment to the Federal Constitution. Although the exact language of 28 U.S.C. § 1480 preserves the right to a jury as given by "statute", it is highly unlikely that this term was intended to be read so literally as to exclude a constitutional amendment:

> In our view the word "statute" ... is a compendious summary of various enactments, by whatever method they may be adopted, ... and is at least sufficiently inclusive to embrace constitutional provisions. *American Federation of Labor v. Watson*, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873, (1946).

The Seventh Amendment right to jury trial has been defined with increasing precision in a line of United States Supreme Court cases. Significant among these are *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. These two landmark opinions made it clear that when an action in federal court involves both legal and equitable claims, the legal issues must be submitted to a jury.

But the claim at issue here is a purely equitable one. The relief requested—setting aside of a fraudulent conveyance, and the turnover of the subject property—is available only in equity. The Tenth Circuit Court of Appeals ruled on this exact issue in *Senchal v. Carroll*, 394 F.2d 797 (1968). The facts of that case are startlingly similar to those in the instant action: In *Senchal*, a trustee in bankruptcy sought to set aside allegedly fraudulent transfers of money and property made by the bankrupts, and to have the property revested in the trustee. The bankrupts demanded a jury trial. The Court of Appeals ruled that a jury could not be had. The Court described the case as follows:

> The relief sought by the complaint is described above, and basically, the court was asked to revest the property in the bankrupt's estate. To afford the relief sought the court would have to order formal reconveyances of some of the property and delivery of other items, all of which would require affirmative action by the defendants with reference to the particular property listed. As mentioned above, no damages were sought nor money judgment prayed for.

After a methodical discussion of *Beacon Theatres* and *Dairy Queen, supra*, the court concluded that no jury right attached to the case before it:

> In the case at bar the action is basically an equitable one calling for relief which only equity can afford. [This case] is an independent equitable proceeding seeking to revest property in the bankrupt's estate. We hold that under the authorities discussed above the trial court was correct in refusing appellants' request for a jury. *Senchal v. Carroll, supra*, 394 F.2d at 798.

Cir., 1932); *Creel v. Lawler*, 462 F.Supp. 118 (1978).

---

**3.** See, for example, *Florida Fruit Canners v. Walker*, 90 F.2d 753 (5th Cir., 1937); *Levine v. Johnson*, 287 F.2d 623 (5th Cir., 1961).

The opinion in *Senchal v. Carroll* is determinative of the jury trial issue here, and would have been followed had this case been brought in Federal District Court. As in *Senchal*, the action here is to set aside a fraudulent conveyance and recover the property conveyed. No damages are sought, nor is any other legal relief requested. This action is cognizable only in equity, and it would give rise to no jury right in Federal District Court. *Cf. Hyde Properties v. McCoy*, 507 F.2d 301 (6th Cir., 1974).[4]

We turn next to the outcome of the jury trial issue had this action been brought in state court. A literal reading of 28 U.S.C. § 1480 would obviate the need for further analysis, as Colorado has no "statute" bestowing a right to jury trial in civil litigation. The sole source of the right to a jury trial in state court civil suits is Colorado Rule of Civil Procedure 38(a), which states:

> Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried by a jury.

This is not in any sense a "statute," which, even as most liberally defined, must usually be in the nature of an enactment by a state legislature or its delegated surrogate, rather than a judicially made rule. *cf. American Federation of Labor v. Watson, supra.* However, this point is moot, as even were C.R.C.P. 38 deemed to be a statute for the purposes of 28 U.S.C. § 1480, or were we to trace Colorado's civil jury right to C.R.S. 1973 § 13–2–108, which gives the Colorado Supreme Court the power to promulgate rules of civil procedure, C.R.C.P. 38 would not have given a jury trial right in the instant action.

Rule 38 C.R.C.P. is an embodiment of the general rules that litigants are entitled to a jury in actions at law, but not in actions in equity. The rule further narrows the jury right by making it applicable only in the legal actions specifically named. It is plain to see that an action such as this is not among those listed in Rule 38. However, caselaw also makes it clear that the Colorado courts would not be obligated to submit this action to a jury. The rule in Colorado, as elsewhere, is that an action to set aside a fraudulent transfer is traditionally equitable and thus carries with it no right to a jury trial. In *Kyle v. Shore*, 18 Colo.App. 355, 71 P. 895 (1903), plaintiff sued to set aside a deed allegedly executed to defraud creditors. The Court of Appeals upheld the trial court's denial of plaintiff's jury demand, stating:

> The cause of action was equitable. It is discretionary with the court in equitable causes of action whether issues of fact shall be tried by the court or sent to a jury. If submitted to a jury their verdict is simply advisory and not binding upon the court... The court committed no error in the denial of a jury trial. 18 Colo.App. at 358. *See also Johnson v. First National Bank of Denver*, 24 Colo. App. 23, 131 P. 284 (1913).

Defendants have raised the argument that this action does indeed come under C.R.C.P. 38 as an action for the recovery of specific real or personal property. This argument, however, is in error. In Colorado, the right to a jury trial upon an issue of fact "depends upon the character of the action in which the issue is joined." *Setchell v. Dellacroce*, 169 Colo. 212, 454 P.2d 804 (1969). This is called the "basic thrust" doctrine, and it involves a determination of whether the lawsuit, characterized as a whole, would be entitled to a jury under C.R.C.P. 38, rather than applying that rule at the outset to each issue within the case:

> It is the complaint which fixes the nature of the suit. *See Uhl v. Fox*, 31 Colo.App. 13, 498 P.2d 1177. Where the action is

---

4. See also *Towers v. Titus*, 5 B.R. 786 (U.S.Dist. Ct., N.D.Cal., 1979), in which an action by a trustee for setting aside a fraudulent conveyance and recovery of real and personal property was held to be equitable, and a jury trial was denied.

purely legal in nature, the parties are entitled to a jury trial. *Johnson v. First National Bank,* 24 Colo.App. 23, 131 P. 284; if not, it may be tried by the court, *Miller v. District Court,* 154 Colo. 125, 388 P.2d 763. Where there are legal and equitable claims joined in the complaint the court must determine whether the basic thrust of the action is equitable or legal in nature. *Miller v. Carnation Company,* 33 Colo.App. 62, 516 P.2d 661 (1973).

As I have stated already, the nature of this action and the relief sought are uniquely equitable. Thus, in a Colorado court there would be no right to a jury trial.

■ Defendants have cited Colorado cases discussing jury instructions in actions to set aside voidable or fraudulent conveyances. However, these cases are easily distinguishable from the present action. *Israel v. Day,* 17 Colo.App. 200, 68 P. 122 (1902), was not a suit to set aside a fraudulent conveyance, but was instead an action in replevin brought against a U. S. Marshal for wrongful execution against property. A jury was used to decide whether the judgment debtor levied against was the actual owner of the property, or whether it had been validly conveyed to a third party, Mr. Day. A replevin action, unlike the instant suit, is an action at law and traditionally carries with it the right to a jury trial. 47 Am.Jur.2d, *Jury,* § 39, p. 658. *Fort Collins National Bank v. Whitton,* 63 Colo. 9, 164 P. 309 (1917), also cited by Defendants, was an action to set aside an allegedly fraudulent deed, and the Court's opinion indicates that the case was tried to a jury. However, the language of the opinion, which states that "[a] jury made certain findings of fact approved by the court", 63 Colo. at p. 10, 164 P. 309, and that the jury considered special interrogatories instead of deciding the case as a whole, clearly indicates that this was merely an advisory jury. The empaneling of an advisory jury in an equitable action is completely discretionary with the trial court. C.R.C.P.

39(c); *Kyle v. Shore, supra; Moore v. Burritt,* 106 Colo. 413, 105 P.2d 1084 (1940); *Gibson v. Angros,* 30 Colo.App. 95, 491 P.2d 87 (1971).

Clearly, Defendants could not have asserted a right to trial by jury by virtue of any statute in existence on September 30, 1979. Thus, under 28 U.S.C. § 1480, they are not entitled to a jury in the instant action. An appropriate order shall enter.