**In re John W. HAUSE, d/b/a Hause Floor Co., Debtor.**

**John L. WHITLOCK, Trustee, Plaintiff,**

**v.**

**John W. HAUSE and Marie H. Hause, Defendants.**

**Bankruptcy No. 79–01977–HL. Adv. No. 81–0150.**

United States Bankruptcy Court, D. Massachusetts.

April 13, 1981.

Martin Fishkin, Herrick & Smith, Boston, Mass., for plaintiff.

Samuel Newman, Newman & Newman, Boston, Mass., for defendants.

## MEMORANDUM ON JURY CLAIM BY DEFENDANT IN FRAUDULENT CONVEYANCE ACTION

HAROLD LAVIEN, Bankruptcy Judge.

The defendants in this case, John and Marie Hause are the subject of a complaint brought by the Trustee of the debtor, to set aside the debtor's conveyance of his interest in his home to his wife. On November 12, 1976, the debtor and his wife, as tenants by the entirety, conveyed their interest in their home to the debtor's wife individually. The plaintiff seeks to avoid that conveyance under 11 U.S.C. § 544(b), on the grounds that said conveyance can be avoided by an existing unsecured creditor under M.G.L. c. 109A §§ 1–13. The defendants have admitted both the existence and the amount of the debt, but have claimed a jury trial on the fraudulent conveyance issue.

■ The Bankruptcy Court is historically a court of equity that traditionally is not required by the Seventh Amendment to provide jury trials. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1933); *Barton v. Barbour*, 104 U.S. 126, 134, 26 L.Ed. 672 (1880). Neither the 7th Amendment to the U.S. Constitution nor anything in the Bankruptcy Code creates a new right to a jury trial where prior to bankruptcy no such right existed, 28 U.S.C. § 1480. As an outer parameter there can only be a right to a jury trial in bankruptcy where such right has been created as part of a remedy by state or federal statute, 28 U.S.C. § 1480; *In re G.S.F. Corp.*, 7 B.R. 807 (Bkrtcy., D.Mass.1980). There is no Massachusetts or federal statute providing for a jury trial in fraudulent conveyance actions. While that might be enough to decide this issue, the importance of fraudulent conveyance actions to bankruptcy warrants a further analysis.

■ A fraudulent conveyance action may, in some cases, combine a legal cause of action for a debt with an equitable remedy, and in such cases in Massachusetts state courts in might be argued that a jury trial may be appropriate. *Blumenthal v. Blumenthal*, 303 Mass. 275, 21 N.E.2d 244 (1939); *Salvucci v. Sheehan*, 349 Mass. 659, 212 N.E.2d 243 (1965). The great wealth of federal authority is *contra*. It has been held uniformly that there is no right to a jury trial in a fraudulent conveyance action brought in federal court seeking as the primary relief an equitable remedy. See *Hyde Properties v. McCoy*, 507 F.2d 301, 305–306 (6th Cir. 1974); *Senchal v. Carroll*, 394 F.2d 797, 798–799 (10th Cir.), cert. denied, 393 U.S. 979, 89 S.Ct. 448, 21 L.Ed.2d 440 (1968); *Johnson v. Gardner*, 179 F.2d 114 at 116–117; *Lynch v. National Bondholders Corp.*, 2 F.R.D. 376, 378 (E.D.Mich.1942); *Williams v. Collier*, 32 F.Supp. 321, 323 (E.D.Pa.1940); *In re Fleming*, 8 B.R. 746, 7 B.C.D. at 253–254; *Towers v. Titus*, 5 B.R. 786 (Bkrtcy. N.D.Cal.1979); *In re McDonald*, 2 B.C.D. 849, 850 (1976). In *Towers v. Titus, supra*, and *In re Fleming, supra*, bankruptcy courts have reached this conclusion after careful consideration of the most recent pronouncements by the United States Supreme Court concerning jury trials.

■ Judge Friendly has stated, "An action by a *judgment creditor or a trustee in bankruptcy* to set aside a fraudulent conveyance has long been cognizable in equity ... Hence the Seventh Amendment is inapplicable to such a claim ... even though determination of the suit may involve the validity of the judgment as well as the circumstances of the conveyance." *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961) (citations omitted) (emphasis added).

Even if a jury might be claimed when there is a legal issue concerning the debt, a proposition this court is not prepared to accept,[1] where, as in this case, the existence of the debt and its amount are admitted, the only concern is the equitable remedy for which historically there is neither a statutory nor traditional right to a jury trial. *In re Fleming*, 8 B.R. 746, 7 B.C.D. 252 (Bkrtcy. App. Panel, N.D.Ga.1980); *Towers v. Titus*, 5 B.R. 786 (Bkrtcy.N.D.Cal.1979); *In Re G.S.F. Corp.*, 7 B.R. 807 (Bkrtcy.D.Mass. 1980).

The jury claim is denied.

This proceeding will be tried as scheduled by the court without a jury.

---

1. A trustee seeking to set aside a fraudulent conveyance is in the same position as a judgment creditor. Because there is no need in either case for the plaintiff to prove a legal claim as a prerequisite to equitable relief, as is contemplated in *Blumenthal* and *Salvucci*, there is no issue in the case which might give rise to the right to a trial by jury.