In the Matter of Joseph NEWMAN, Bankrupt.

No. 79 B 20051.
Adv. No. 80–2047.

United States Bankruptcy Court,
S. D. New York.

Nov. 4, 1981.

Solomon Abrahams, P. C., Hartsdale, N. Y., for defendants, except Nelstad.

Ira S. Greene, New York City, Trustee & Atty. for Trustee.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy has moved to strike the defendants' demand for a trial by jury with respect to the trustee's adversary proceeding to recover certain alleged fraudulent conveyances.

The first, fourth, eighth and tenth causes of action in the complaint seek to recover the alleged fraudulent conveyances on the basis of section 548 of the Bankruptcy Code. The third, fifth and eleventh causes of action are directed to the same conveyances, but are predicated on § 272, § 276 and § 278 of the New York Debtor and Creditor Law. The sixth and ninth causes of action seek to recover attorneys fees pursuant to § 276–a of the New York Debtor and Creditor Law. The thirteenth cause of action seeks to recover damages against two individual defendants for their participation in the transactions that allegedly constituted the fraudulent conveyances. Other causes of action in the complaint on the theory of fraudulent conveyance were previously established as a result of the trustee's earlier successful motion for summary judgment.

The right to a jury trial in a bankruptcy case depends upon whether or not such right existed prior to and independently of the bankruptcy case because 28 U.S.C. § 1480, which governs jury trials in bankruptcy cases, does not create any new right to jury trial when it states:

"§ 1480. Jury trials.

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

(b) The bankruptcy court may order the issues arising under section 303 of title 11 to be tried without a jury."

Prior to the effectiveness of the Bankruptcy Code on October 1, 1979, the Supreme Court had declared in its decisions in *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) that where both legal and equitable issues were presented in the same case, the Seventh Amendment right to a jury trial of the legal issues should not be lost. Thereafter the Supreme Court in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), ruled that in summary proceedings under the former Bankruptcy Act, no right of jury trial existed because bankruptcy courts are essentially courts of equity where issues are not triable by juries. Now that the distinction between summary and plenary actions has been eliminated under 28 U.S.C. § 1471(e), so that the bankruptcy court where the title 11 case was commenced has exclusive jurisdiction of the debtor's property, wherever located, the right to a jury trial in bankruptcy will depend upon the nature of the cause of action. See *In re First Financial Group of Texas*, 11 B.R. 67 (Bkrtcy.S.D.Texas 1981). Thus, actions to set aside fraudulent conveyances have long been cognizable in equity where the Seventh Amendment does not require jury trials. *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961). The Bankruptcy Code does not alter the conclusion that jury trials are not required in actions to recover fraudulent conveyances. *In re Hause*, 10 B.R. 628 (Bkrtcy.Mass.1981), *In re Mozer*, 10 B.R. 1002 (Bkrtcy.Col.1981); *In re Fleming*,

8 B.R. 746 (D.C.Ga.1980); *Towers v. Titus*, 5 B.R. 786 (D.C.N.D.Cal.1979). See also *In re Glen Otis*, 13 B.R. 279 (Bkrtcy.N.D.Ga.1981), where a jury trial was denied in a trustee's action to recover a voidable preference.

Thus, since the trustee's first, third, fourth, fifth, eighth, tenth and eleventh causes of action all seek remedial relief for certain alleged fraudulent conveyances they need not be heard by a jury. Moreover, the trustee's sixth and ninth causes of action for attorney's fees incurred as a result of having to commence the fraudulent conveyance action are essentially equitable in nature; to be determined by the court and not a jury. Indeed, the right to attorney's fees is based upon section 276–a of the New York Debtor and Creditor Law, which expressly prescribes that the trial judge shall fix the reasonable attorney's fees.

The trustee's thirteenth cause of action for damages against two of the defendants for assisting the debtor in allegedly making the fraudulent conveyances in question is set forth as an alternative remedy and is incidental to the trustee's primary equitable relief which is sought for the recovery of the claimed fraudulent conveyances. The District Courts in *In re Fleming*, and *In re Towers v. Titus*, supra, and the Bankruptcy Court in *In re Hause*, supra, support the proposition that where a money judgment is sought as an alternative remedy on a claim and in a proceeding that is indisputably equitable in nature the monetary claim may flow from the equitable claim without acquiring an independent legal character.

Hence, the defendants are not entitled to a trial by jury as to the causes of action in question because there is neither a traditional nor a statutory basis for the claimed right to a jury trial. The jury demand is stricken.

IT IS SO ORDERED.