In re SOUTHERN OF ROCKY
MOUNT, INC., Debtor.

Trawick H. STUBBS, Jr., Trustee for
Southern of Rocky Mount,
Inc., Plaintiff,

v.

RALSTON PURINA COMPANY and
Ward's Grain Service, Defendants.

Bankruptcy No. S-83-00294-8.
Adv. No. S-83-0498-AP.

United States Bankruptcy Court,
E.D. North Carolina.

Dec. 21, 1983.

Robert L. Emanuel, Raleigh, N.C., for defendant Ralston Purina.

Trawick H. Stubbs, Jr., New Bern, N.C., for trustee.

ORDER

A. THOMAS SMALL, Bankruptcy Judge.

This adversary proceeding was initiated by the Debtor's Trustee, Trawick H. Stubbs, Jr., to recover insurance proceeds free and clear of the claims of the Defendants. Defendant Ralston Purina Company objected to the bankruptcy court's jurisdiction and requested that this proceeding be removed to the U.S. District Court for a trial by jury. A hearing was held on December 12, 1983 to consider Ralston Purina Company's objection to this court's jurisdiction, request for removal and demand for a jury trial.

Southern of Rocky Mount, Inc. is a debtor under chapter 11 of the Bankruptcy Code. Mr. Stubbs was appointed trustee for the Debtor on February 25, 1983.

It is alleged by the Trustee that the Debtor purchased the assets of Planters Oil Mill, Inc. in August of 1981. These assets included an oil mill which was subsequently destroyed by fire.

Ralston Purina Company alleges that it is a creditor of Planters Oil Mill, Inc. by virtue of a promissory note dated October 26, 1981. A judgment in an undetermined amount was obtained by the Ralston Purina Company against Planters Oil Mill, Inc. in the Superior Court of Wake County, North Carolina on March 22, 1983. Pursuant to the judgment, Ralston Purina Company garnished the insurance proceeds from the oil mill fire to be paid by the garnishee Lexington Insurance Company.

The Trustee initiated this action on July 6, 1983 to obtain the insurance proceeds due from Lexington Insurance Company free of any claim by Ralston Purina Company.

On August 18, 1983 this Court conducted a hearing to approve a settlement of the Debtor's fire loss claim against Lexington Insurance Company. At the hearing Jeff D. Batts, Attorney at Law, Rocky Mount, North Carolina, testified that the Debtor purchased all of the assets of Planters Oil Mill, including the oil mill which was subsequently destroyed by fire, in August of 1981. Based upon Mr. Batt's uncontradicted testimony, this Court made a preliminary finding that the insurance proceeds were property of the Debtor's estate and proceeded to consider the settlement reached between the Debtor and Lexington Insurance Company. On August 19, 1983 an order was entered approving the insurance settlement in the amount of $2,535,000.00.

In addition to approving the settlement, the Order of August 19, 1983 provided "2. That the net payment by the Lexington Insurance Company, in the amount of Two Million Four Hundred Sixty-Seven Thousand Five Hundred ($2,467,500.00) Dollars (being net of a Sixty Five Thousand ($65,000.00) payment previously received by the Debtor and a Two Thousand Five Hundred ($2,500.00) Dollar deductible amount), as provided by the Trustee and the said Lexington Insurance Company, be, and the same hereby is, approved for distribution as follows:

a. Clerk of Superior Court, Wake County ........ $ 26,200.00

b. Clerk of Superior Court, Northampton County ........ $ 67,100.00

c. T. H. Stubbs, Jr., Trustee and Other Named Payees ........ $2,374,200.00

3. That the respective Clerks of Superior Court for Wake and Northampton Counties are authorized and directed to hold said funds in interest bearing accounts pending a final determination as to the proper disposition of said funds, said funds to be deposited without prejudice to the rights of any party in interest to assert a claim thereto; and

4. That the provisions of § 362(a) of the Bankruptcy Code, hereby remains applicable to the disposition of such funds, to the extent that said funds are property of the Debtor's estate, the disposition of which shall be made by future Orders of this Court;".

The parties agree that the ultimate issue is whether the Debtor or Ralston Purina Company is entitled to the insurance proceeds. It is also agreed that "(e)ntitlement to those proceeds turns upon the validity of conveyance from Planters Oil Mill, Inc. to debtor." (Defendant Ralston Purina Company's Memorandum Concerning Jurisdiction, p. 2). It is Ralston Purina Company's contention that the conveyance was a fraudulent conveyance under North Carolina state law and should therefore be null and void. The demand for a jury trial on all issues was timely made.

Ralston Purina Company argues that:

1) the bankruptcy court has no jurisdiction over this traditional state court action under *Northern Pipeline Construction Co. v. Marathon Pipe Line Co. et al.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982);

2) Ralston Purina Company is entitled to a jury trial on the "classic questions of state law" under the common law and the Seventh Amendment to the United States Constitution; and

3) the adversary proceeding should be removed to the District Court in the interest of judicial economy to avoid duplicate trials.

## BANKRUPTCY COURT JURISDICTION

Since December 25, 1982 this Bankruptcy Court has operated under the Emergency Rule providing for the interim operation of the Bankruptcy Court system pursuant to an Order entered by the judges of the United States District Court for the Eastern District of North Carolina on December 21, 1982. This Bankruptcy Court has previously ruled that the Emergency Rule is constitutionally sound (*In re London Mills, Inc.,* (No. 82–02327–8), *Citizens and Southern Financial Corporation v. Chairmakers, Inc.,* (A/P No. M–83–0346–AP), (1983), signed by then Chief District Court Judge Franklin T. Dupree, Jr.). Every Circuit Court of Appeals considering the issue

has upheld the Emergency rule. *In re Braniff Airways, Inc.,* 700 F.2d 214 (5th Cir.1983); *White Motor Corporation v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983) and *In re Hansen,* 702 F.2d 728 (8th Cir.1983).

The Emergency Rule provides that

"all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district". (Emergency Rule § (c)(1)).

Bankruptcy judges may enter final orders and judgments except in "related proceedings." (Emergency Rule § (d)(2)). Specifically excluded from those matters comprising "related proceedings" are "proceedings to set aside preferences and *fraudulent conveyances*" (emphasis added) (Emergency Rule § (d)(3)(A)). By definition, this adversary proceeding is not a "related proceeding" because it ultimately is an action to set aside a fraudulent conveyance.

Ralston Purina Company argues that the issues in this proceeding involve traditional state law. That may be true, but according to the Emergency Rule a "proceeding is not a related proceeding merely because the outcome will be affected by state law." (Emergency Rule § (d)(3)(A)).

Even under the former Bankruptcy Act of 1898, the bankruptcy court would have summary jurisdiction of this adversary proceeding. Under the Bankruptcy Act, bankruptcy courts had summary jurisdiction over controversies involving property within the debtor's actual or constructive possession. In rehabilitation cases the bankruptcy court had jurisdiction over property to which the debtor had title. 8 *Collier on Bankruptcy,* (14 ed.) § 3.02 (1976). See also House Report No. 95–595 at page 44 numbered paragraph (2), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6005.

This adversary proceeding involves fire insurance proceeds of an oil mill in the possession of the Debtor at the time of filing the petition. The Debtor had title to both the oil mill and the insurance proceeds. While the insurance funds may have been in the possession of the insurer at the time of filing, there was no dispute as to ownership of those proceeds between the Debtor and the insurer. Consequently, this Bankruptcy Court has jurisdiction over this adversary proceeding using either the standards prescribed by the Emergency Rule or the summary jurisdiction rules under the Bankruptcy Act of 1898.

## RIGHT TO JURY TRIAL

■ 28 U.S.C. § 1480 says that the right to a jury trial is preserved in proceedings arising in or related to bankruptcy cases where the right is "provided by any statute in effect on September 30, 1979." Under the Emergency Rule, bankruptcy judges may not conduct jury trials (Emergency Rule § (d)(1)(D)).

The United States Supreme Court has held in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) that because proceedings over which bankruptcy courts have summary jurisdiction are inherently proceedings in equity, there is in such proceedings no right to a jury trial under the Seventh Amendment. Quoting from *Barton v. Barbour,* 104 U.S. 126, 133–134, 26 L.Ed. 672 (1881) the Court in *Katchen v. Landy* said

"So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods." (382 U.S. at page 337, 86 S.Ct. at 476).

Under the holding of *Katchen v. Landy,* Ralston Purina Company would not be entitled to a jury trial because the bankruptcy court would have had summary jurisdiction over this proceeding under the Bankruptcy Act of 1898.

An argument has been made that the broad approach of *Katchen v. Landy* that

178

every proceeding in the bankruptcy court should be viewed as one in equity has been replaced by a test which requires the court to characterize the "nature" of each proceeding as in equity or at law. 1 *Collier on Bankruptcy,* (15th ed.) § 3.01 p. 3–96 (1979). Even applying the latter test, Ralston Purina Company would not be entitled to a jury trial because "actions to set aside allegedly fraudulent conveyances, historically equitable in nature, do not entitle the defendant to a jury trial." 1 *Collier on Bankruptcy,* (15th ed.) § 3.01 p. 3–96 (1979). See also *In re Fleming,* 8 B.R. 746, 7 B.C.D. 252 (Bkrtcy.N.D.Ga.1980); *In re Newman,* 14 B.R. 1014, 8 B.C.D. 328 (Bkrtcy.S.D.N.Y. 1981); *In re Mozer,* 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D.Co.1981); *In re Professional Air Traffic Controllers Organization,* 23 B.R. 271, 9 B.C.D. 1097 (D.D.C.1982); *Whitlock v. Hause,* 694 F.2d 861, 10 B.C.D. 249 (1st Cir.1982); *Barber v. Kimbrell's Inc.,* 577 F.2d 216, (4th Cir.1978), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330; *In re Annexation Ordinances,* 253 N.C. 637, 117 S.E.2d 795 (1961); *Commissioners v. George,* 182 N.C. 414, 109 S.E. 77 (1921); 5 *Moore's Federal Practice,* (2d) § 38.11[6] (1982).

In its brief, Ralston Purina Company calls the Court's attention to North Carolina General Statute 1–440.30 which requires a jury trial for issues raised by the garnishee. In the present proceeding, however, the parties agree that the nature of the case is the avoidance of a fraudulent conveyance, a traditionally equitable remedy for which the right to a jury trial does not apply.

### JUDICIAL ECONOMY

The Emergency Rule says that on appeal the district judge

"may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge." (Emergency Rule § (e)(2)(B)).

Ralston Purina Company argues that under the Emergency Rule the District Court could conduct a trial *de novo* and duplicate the work of this Court. The Emergency Rule does not, however, require a trial *de novo.* Furthermore, the U.S. Supreme Court has promulgated Bankruptcy Rules (effective August 1, 1983) which may supercede section (e)(2)(B) of the Emergency Rule. Bankruptcy Rule 8013 says

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

See *In re James M. Morrissey, Sr.,* 717 F.2d 100, 10 B.C.D. 1398 (CA–3 1983).

■ If judicial economy is a factor, it is a factor in favor of retention of jurisdiction by this bankruptcy court. Ralston Purina Company argues in the alternative that the state court should resolve the issue. Resolution of the adversary proceeding in the state court, however, would not determine the rights of other creditors with respect to the insurance proceeds. The validity of the transfer with respect to all claimants should be litigated at one time in this forum.

Finally, during the hearing there were several references to possible violations of the automatic stay. So that there be no misunderstanding, it should be emphasized that the automatic stay of 11 U.S.C. § 362(a) with respect to property of the estate *has not been lifted by this court.* That it has not been lifted should be abundantly clear from the Order of August 19, 1983, portions of which have been quoted herein.

Based upon the foregoing, IT IS HEREBY ORDERED that:

1) Ralston Purina Company's objection to the bankruptcy court's jurisdiction over this adversary proceeding is DENIED.

2) Ralston Purina Company's request for a jury trial is DENIED.

3) Ralston Purina Company's request for removal of this proceeding to the District Court is DENIED.

4) The automatic stay of 11 U.S.C. § 362(a) shall remain in full force and effect with respect to property of the estate.