**In re MINTON GROUP, INC., Debtor.**

**Sidney TURNER, as Trustee, Plaintiff.**

v.

**Sandra WLODARSKI, Walter Wlodarski and Miriam Teitelbaum as Trustee of Walter Wlodarski, Defendants.**

**Bankruptcy No. 82 B 20590.**
**84 Adv. 6023.**

United States Bankruptcy Court,
S.D. New York.

Oct. 31, 1984.

Teitelbaum & Gamberg, New York City, for Miriam Teitelbaum, Trustee.

Barr & Faerber, Spring Valley, N.Y., for Walter Wlodarski.

Sidney Turner, P.C., White Plains, N.Y., for Sidney Turner, Trustee.

## DECISION ON DEMAND FOR JURY TRIAL AND REQUEST FOR IMMUNITY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The issues raised by the parties' motions are whether the debtor and his wife may demand a jury trial when sued by trustees in bankruptcy to set aside certain allegedly fraudulent conveyances and preferential transfers and whether the debtor, Walter Wlodarski, may be entitled to an order granting him immunity.

On October 22, 1982 an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Minton Group, Inc., resulting in an order for relief and the appointment of Sidney Turner, Esq. as trustee in bankruptcy. The principal of Minton Group, Inc. was Walter Wlodarski, against whom an involuntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code was also filed, resulting in the appointment of Miriam Teitelbaum, Esq. as his trustee in bankruptcy. Sandra Wlodarski is the wife of the debtor, Walter Wlodarski.

By a summons and a complaint dated March 31, 1984, and thereafter amended, Sidney Turner, as trustee in bankruptcy of Minton Group, Inc., commenced an adversary proceeding in this court against the debtor, Walter Wlodarski, and his wife, Sandra Wlodarski, pursuant to 11 U.S.C. §§ 544(b), 548(a)(1), 548(a)(2), 550(b) and the Uniform Fraudulent Conveyance Act to set aside certain transfers of assets by Walter Wlodarski to Sandra Wlodarski as voidable fraudulent conveyances.

The defendant, Miriam Teitelbaum, as trustee in bankruptcy of the debtor, Walter Wlodarski, denied the allegations of the plaintiffs' complaint on information and belief and filed what is denominated a cross-complaint against the debtor Walter Wlo-

darski and his wife, Sandra Wlodarski. This "cross-complaint" is in the form of a cross-claim which is described in Fed.R. Civ.P. 13(g) as a claim contained in a pleading asserted by one party against a co-party.[1] Trustee Teitelbaum's claim relates to the same conveyances of property by Walter Wlodarski to his wife Sandra Wlodarski as are referred to in the complaint filed by Sidney Turner, as trustee in bankruptcy of Minton Group, Inc. and seeks to retain the property for the estate of Walter Wlodarski as fraudulent conveyances and voidable preferences.

On June 18, 1984, the debtor, Walter Wlodarski, and his wife, Sandra, served their demand for a jury trial of the issues raised by trustee Turner's amended complaint and trustee Teitelbaum's cross-claim. Trustees Turner and Teitelbaum then moved for an order denying the demand for a jury trial.

By motion dated July 27, 1984, the debtor, Walter Wlodarski, seeks an order pursuant to § 344 of the Bankruptcy Code and §§ 50.10 and 50.20 of the New York Criminal Procedure Law granting him immunity in the adversary proceeding because he is currently under indictment in the Supreme Court of the State of New York, County of Westchester for alleged crimes emanating from the same transactions that are in question in the adversary proceeding before this court. Walter Wlodarski states that unless immunity is granted to him he will exercise his rights under the Fifth Amendment of the United States Constitution and assert the privilege against self-incrimination.

## DISCUSSION

Although the debtor, Walter Wlodarski, apparently served an answer to the amended complaint and cross-claim in which he demanded a jury trial, he never filed a copy of his answer with the court. Therefore, the court does not have before it a copy of the jury demand in question. Fed.R.Civ.P. 5(d), made applicable to adversary proceedings by Bankruptcy Rule 7005, requires that "[all] papers after the complaint required to be served upon a party shall be filed with the court ...." In order to expedite this matter, the failure to file a jury demand will not be treated as fatal because a proper filing will not achieve the desired objective.

■ The right to a jury trial in bankruptcy cases hinges on the nature of the cause of action. Actions to set aside fraudulent conveyances have long been cognizable in equity where the Seventh Amendment does not require jury trials. *Damsky v. Zavatt*, 289 F.2d 46, 52–53 (2d Cir.1961). This is so even if a money judgment is also requested, if such judgment is an integral part of the equitable relief sought. *Whitlock v. Hause*, 694 F.2d 861, 864 (1st Cir.1982); *Hassett v. Weissman (In re O.P.M. Leasing Services, Inc.)*, 35 B.R. 854, 860 (Bkrtcy.S.D.N.Y.1983); *In re Newman*, 14 B.R. 1014, 8 B.C.D. 328 (Bkrtcy.S.D.N.Y. 1981). As stated in the *Newman* case:

The Bankruptcy Code does not alter the conclusion that jury trials are not required in actions to recover fraudulent conveyances. *In re Hause*, 10 B.R. 628 (BC MA 1981); *In re Mozer*, 10 B.R. 1002 (BC CO 1981); *In re Fleming*, 8 B.R. 746 (DC GA 1980); *Towers v. Titus*, 5 B.R. 786 (DC ND CA 1979). *See also In re Glen Otis*, 13 B.R. 279 (BC ND GA 1981), where a jury trial was denied in a trustee's action to recover a voidable preference.

\* \* \* \* \* \*

1. Fed.R.Civ.P. 13(g) states:

Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

"A cross claim is not itself a pleading, but must be asserted in a pleading." 1 J. Moore, Federal Practice and Procedure Manual § 14.-04, at 944.3 (1984). Trustee Teitelbaum correctly asserts her claim against co-defendants Walter and Sandra Wlodarski in her answer to the amended complaint although she incorrectly labels it as a cross-complaint.

The district courts in *In re Fleming,* and *In re Towers v. Titus, supra,* and the bankruptcy court in *In re Hause, supra,* support the proposition that where a money judgment is sought as an alternative remedy on a claim and in a proceeding that is indisputably equitable in nature the monetary claim may flow from the equitable claim without acquiring an independent legal character.

14 B.R. at 1014–15, 8 B.C.D. at 329.

■ The basic relief sought by the trustees in this case is a declaration that the transfers of property by the debtor, Walter Wlodarski, to his wife, Sandra, be held null and void and that she be directed to reconvey the property that was allegedly fraudulently conveyed to her. In light of the foregoing authorities, the debtor and his wife are not entitled to a jury trial of the issues in this adversary proceeding.

IMMUNITY UNDER 11 U.S.C. § 344

The request for immunity submitted by the debtor, Walter Wlodarski, is procedurally flawed and may not be granted by this court. It is made by the wrong party, at the wrong time and in the wrong court. Three wrongs will not make a right.

The automatic granting of immunity that applied under former Section 7a(10) of the now repealed Bankruptcy Act of 1898 was eliminated under the current Bankruptcy Code. The governing provision is 11 U.S.C. § 344, which provides that "[i]mmunity for persons required to submit to examination, to testify, or to provide information in a ... [bankruptcy case] may be granted under part V of title 18."

Part V of title 18, captioned "Crimes and Criminal Procedure," applies to all proceedings before federal courts, before federal grand juries, before administrative agencies, and before congressional committees, as expressly stated in 18 U.S.C. § 6001. It has been held that the granting of immunity by federal authorities is binding upon state prosecutions. *See Murphy v. Waterfront Commission,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); *Snelling v.*

*United States,* 719 F.2d 1067 (10th Cir. 1983); *In re Bianchi,* 542 F.2d 98 (1st Cir.1976); *United States v. Watkins,* 505 F.2d 545 (7th Cir.1974); *People v. Phillips,* 97 Misc.2d 665, 412 N.Y.S.2d 94 (Sup.Ct.N. Y.Co.1979).

The procedure for granting immunity is delineated under section 6003 of 18 U.S.C., which provides:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

■ There are four basic steps to be satisfied before a witness may be granted immunity in a bankruptcy case. First, the witness must refuse to testify or provide information as required in the case. Second, a party in interest, such as the trustee in bankruptcy, must get the United States attorney for the district in which the bankruptcy case is pending to seek the approval of the Attorney General of the United States, or a designated Assistant Attorney General, to apply for an immunity order.

This is so because "Congress has limited the power to grant immunity—in the face of a valid claim of privilege—to a limited group of federal officials who may apply to the court to compel the witness to testify under immunity." *United States v. Housand,* 550 F.2d 818, 824 (2d Cir.), *cert. denied,* 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977). Third, before the United States attorney applies for such approval, the United States attorney must be satisfied that the testimony or other information from the witness is necessary to the public interest and that the witness has refused, or is likely to refuse, to testify or provide information on the basis of a claimed privilege against self-incrimination. Fourth, if the Attorney General or a designated Assistant Attorney General approves the immunity approach, the United States attorney may then apply for an immunity order from a United States District Court Judge in the district where the bankruptcy case is pending.

■ If a debtor is granted immunity in accordance with the foregoing procedure and then refuses to testify or provide information based on the privilege against self-incrimination, such debtor's discharge may be denied pursuant to 11 U.S.C. § 727(a)(6)(B). *In re Channel,* 29 B.R. 316, 318 (Bkrtcy.W.D.Ky.1983). If the United States attorney does not request immunity from the appropriate district court, then "the debtor may refuse to testify and still retain his right to a discharge. It removes the Scylla and Charibdis choice for debtors that exists under the Bankruptcy Act." H.Rep. No. 595, 95th Cong., 1st Sess. 333 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 44 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5830, 6289.

■ In the instant case none of the four basic steps has been satisfied. First, the debtor, Walter Wlodarski, has not yet refused either to submit to examination, testify or provide information in this case. Second, no party has applied to the United States attorney for the Southern District of New York for the purpose of requesting immunity for Walter Wlodarski. Third, the United States attorney has not been satisfied that the grant of immunity is necessary. Fourth, only a Judge of the United States District Court, and not a Bankruptcy Judge, may issue an order granting immunity to a witness in accordance with 18 U.S.C. § 6003. In these circumstances, the application by Walter Wlodarski to this court for an order granting immunity to him is premature, unauthorized, misdirected and improper.

### CONCLUSIONS OF LAW

1. The trustees' motions to strike the jury demand served by Walter Wlodarski, and his wife, Sandra Wlodarski, are granted.

2. The application to this court made by Walter Wlodarski for an order granting him immunity pursuant to 11 U.S.C. § 344 is denied.

SUBMIT ORDER on notice.