In re RODGERS & SONS, INC., Debtor.

Richard LERBLANCE, Trustee, Plaintiff,

v.

Melvin A. RODGERS, Barbara A. Rodgers and First State Bank of Tishomingo, Defendants.

Bankruptcy No. 82–00387.
Adv. No. 84–0092.

United States Bankruptcy Court, E.D. Oklahoma.

April 29, 1985.

William E. Rutledge and Deidre O. Dexter, Conner & Winters, Tulsa, Okl., for Trustee.

Julian K. Fite, Robinson, Locke, Gage, Fite & Williams, Muskogee, Okl., for defendants, Melvin A. Rodgers and Barbara A. Rodgers.

### ORDER GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL

MICKEY D. WILSON, Bankruptcy Judge, Sitting by Designation.

This matter comes on for consideration on the motion of Richard Lerblance, Trustee of the Estate of Rodgers & Sons, Inc., to strike the demand for jury trial filed by defendants, Melvin A. Rodgers and Barbara A. Rodgers. For the reasons set forth below, the motion is granted.

The Trustee commenced this action on September 27, 1984, by filing a complaint to set aside transfers of property made by defendants, Melvin A. Rodgers and Barbara A. Rodgers, to third parties. The complaint prays that the transfers be declared to be null and void, that the defendants, Melvin and Barbara Rodgers, be required to return and reconvey the property or its value to the Trustee, award the Trustee his attorney fees, declare a lien to secure payment of judgment, and award the Trustee "such other and further relief as

may seem proper". On November 27, 1984, the Rodgers filed their answer to the complaint denying all material allegations of the complaint. In answering the complaint the Rodgers demanded a jury trial. The defendant, First State Bank of Tishomingo, did not file a demand for jury trial. On April 2, 1985, the Trustee filed his amended complaint wherein the only change was the correction of what was apparently a scrivener's error.

The issues raised by the Trustee's motion are whether the bankruptcy court has the power to determine the right to jury trial, whether the bankruptcy court has the power to conduct a jury trial, and whether defendant has a right to jury trial on plaintiff's claims for relief.

In order to understand the problem and confusion of whether a bankruptcy court is empowered to determine the right to jury trial and empowered to conduct a jury trial, a cursory examination of the recent history of jury trials in bankruptcy court is appropriate.

In an attempt to resolve, among other things, the problems of summary and plenary jurisdiction, the Bankruptcy Reform Act of 1978 abolished those jurisdictional distinctions and authorized the bankruptcy court to conduct jury trials in cases and proceedings. The Reform Act of 1978 did not enlarge or diminish the right to jury trial but only allowed a bankruptcy court to hear jury trials.

On June 28, 1982, the Supreme Court held in *Northern Pipeline Construction Company v. Marathon Pipe Line Co., (Marathon)* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), that the granting of Article III powers to the bankruptcy courts was an unconstitutional delegation of Article III powers. By way of *obiter dictum,* the court included the authority to conduct jury trials in a long laundry list of Article III powers.

The Emergency Rule of Reference promulgated by the Judicial Conference and adopted by the District Courts as a local rule, in response to *Marathon,* prohibited bankruptcy judges from conducting jury trials. No interpretative comments accompanied this rule nor were any reasons for this prohibition made apparent.

On August 1, 1983, the new Bankruptcy Rules of Procedure became effective. The Bankruptcy Rules were recommended by the Judicial Conference of the United States and prescribed by the Supreme Court of the United States pursuant to Section 2075, Title 28, United States Code and therefore are accorded the force and effect of law. To add to the confusion over the issue of jury trials Bankruptcy Rule 9015 sets forth detailed provisions for Bankruptcy Judges conducting Jury Trials.[1] Rule 9015(b)(3) expressly vests the Bankruptcy Court with the power in Code cases to "determine whether there is a right to trial by jury of the issues for which a jury trial is demanded..." Not surprisingly, the bankruptcy courts have determined the issue of the right to jury trial under the Code and even while under the auspices of the Emergency Rule. See, e.g., *Periera v. Checkmate Communications Co.,* 21 B.R. 402, 403 (D.E.D.N.Y.1982); *In re Newman,* 14 B.R. 1014 (Bankr.S.D.N.Y. 1981); *Busey v. Fleming,* 8 B.R. 746, 7 B.C.D. 252 (Bankr.N.D.Ga.1980).

1. Bankruptcy Rule 9015 provides, in pertinent part:
   (a) TRIAL BY JURY. Issues triable of right by jury shall, if timely demanded be by jury, unless the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....
   (b)(3) DETERMINATION BY COURT. On motion or on its own initiative the court may determine whether there is a right to trial by jury of the issues for which a jury trial is demanded or whether a demand for jury in a proceeding on a contested petition shall be granted.
   (d) TRIAL BY THE COURT. Issues not demanded for trial by jury shall be tried by the court. Notwithstanding the failure of a party to demand a jury when such a demand might have been made of right, the court on its own initiative may order a trial by jury of any or all issues.

It is significant that Rule 9015, adopted by the Supreme Court and enacted by Congress, without change, more than a year after the *Marathon* decision and several months after promulgation of the Emergency Rule, contains no indication that the bankruptcy court's exclusive power to hold jury trials in cases and proceedings is abridged or curtailed by either *Marathon* or the Emergency Rule.[2] Indeed, the Second Circuit articulated that the Bankruptcy Rules were promulgated with full awareness of *Marathon* and the Emergency Rule and that "these Bankruptcy Rules can be presumed to be constitutional." *Salomon v. Kaiser*, 722 F.2d 1574, 1579 (2nd Cir. 1983).

Because of obvious conflicts between the Emergency Rule and the Bankruptcy Rules regarding the authority to conduct jury trials and the standard of review on appeal, it was held that the local Emergency Rule must yield to the Bankruptcy Rules. See *Young v. Saker*, 37 B.R. 802 (Bankr.S.D.N.Y.1984); and *Nashville City Bank & Trust Co. v. Armstrong*, 35 B.R. 556 (Bkrtcy.M.D.Tenn.1983). Cf. *Terry v. Proehl*, 36 B.R. 36, 12 B.C.D. 321 (D.W.D.Va.1984). Referring to the conflict between the rules the Third Circuit held in *In Re Morrissey*, 717 F.2d 100 (3rd Cir.1983), that "[S]uch local rules are clearly subordinate to, and may not be inconsistent with the national rules."

Questions arise whether Rule 9015 was adopted in contemplation of the Bankruptcy Judges being afforded Article III status by Congress in solution to the *Marathon* problem. This position has been publicly stated by at least one member of the Rules Committee. In the new legislation, Congress failed to resolve the authority of bankruptcy judges to conduct jury trials although the matter was repeatedly drawn to the attention of the judiciary committees and their counsel.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 was enacted July 10, 1984. There is no prohibition under the Amendments against jury trials being conducted by the bankruptcy court. The Amendments are silent on the right of the debtor, trustee, or creditors to jury trials in cases and proceedings. Title 28 U.S.C. § 1411(a) states "[T]his chapter and Title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim."[3]

Conspicuous by its absence in § 1411 is the broad language of § 1480 at subsection (a) which provides that the right to trial by jury in a case or proceeding under Title 11 is retained as it existed under ·any statute in effect on September 30, 1979. There is some uncertainty over the fate of § 1480 since the amendments failed to specifically repeal § 1480 and there is no general repealer. See *Baldwin-United Corporation v. Thompson*, 48 B.R. 49, 12 BCD 913 at 914 (Bankr.S.D.Ohio 1985), where the Court found:

> While it is subject to debate whether 28 U.S.C. § 1480 of the 1978 Code remains in effect, it is beyond question that Bankruptcy Rule 9015 was left untouched by Congress and is still viable.

In an interview published in the 1984/1985 Winter *American Bankruptcy Institute Newsletter* Senators Dole and DeConcini commented on the Congressional intent in enacting § 1411. Senator DeConcini said:

> indicated: ... (2) Bankruptcy court, court of United States Bankruptcy Court means the court of bankruptcy as defined in § 1(10) and created under § 2a of the Act and the United States Bankruptcy Court created under 28 U.S.C. § 151."

---

**2.** Bankruptcy Rule 9015 provides that the "court" may determine whether there is a right to trial by jury that the "court" shall try issues not demanded for trial by jury, and that the "court" may try any issue with an advisory jury. Bankruptcy Rule 9001(2) eliminates any confusion that might otherwise surface as to whether Rule 9015 refers to the Bankruptcy Court or the District Court. Rule 9001 provides:

"... In addition, the following words and phrases used in these rules have the meanings

**3.** Section 122 of the Amendments Act provides that § 1411(a) does not apply to cases under Title 11 that are pending on the date of enactment of the Act.

I believe there was no intent on the part of Congress to alter or modify the rights to jury trial that might have existed under the Reform Act ... There was no desire on the part of any of the conferees to limit the right to jury trial in other areas.

Senator DeConcini conceded that the conferees inadvertently failed to pick up the broader language of the former provision. Senator DeConcini further explained that § 1411 was drafted in response to a question of whether the right to jury trial would be protected in personal injury and wrongful death cases when tried in the district courts. The Congressional Record confirms that the intent was to supplement the language of § 1480 rather than limit the right to jury trial. See Senator Thurmond's comments on June 29, 1984, at page S8888 wherein he explains § 1411, "New language on the issue of jury trials is included."

■ Professor Lawrence P. King has postulated in 1 Collier's ¶ 3.01[i] at p. 3–63 that the enactment of § 1411 and the relevant history "leads to the conclusion that bankruptcy judges are no longer empowered to conduct jury trials." However, with due respect and deference to the learned Professor this Court concludes that a bankruptcy judge has the implied power to conduct jury trials in all instances where such right exists except the expressly excluded limited class of personal injury or wrongful death claims. In reaching this conclusion the Court places great significance upon Congress's obvious ratification of the principles of the Emergency Rule in the Amendments Act with Congress's refusal to reaffirm the prohibition against jury trials in bankruptcy courts. See *Oklahoma Health Services v. Webb*, 726 F.2d 624 (10th Cir.1984); *Colorado Energy Supply, Inc.*, 728 F.2d 1283 (10th Cir.1984).

Permitting a bankruptcy court to preside over jury trials does not offend the principles set forth in *Marathon*. See *Salomon v. Kaiser*, 722 F.2d 1574 (2d Cir.1983); *Young v. Saker*, 37 B.R. 802 (Bankr.S.D.N.Y.1984); and *Nashville City Bank & Trust*

*Co. v. Armstrong*, 35 B.R. 556 (M.D.Tenn. 1983). The thrust of the holding in *Marathon* is that peripheral, nontraditional bankruptcy issues cannot be tried by a non-Article III judge.

A judge's duty in jury trials involves primarily rulings upon evidentiary matters and instructing the jury on the law, functions which a bankruptcy judge daily performs in the adjudication of non-jury cases and proceedings. In *Young v. Saker*, 37 B.R. 802 at 810 (Bankr.S.D.N.Y.1984) the Court very astutely points out that,

> there should be at least one determination made by a jury pursuant to instructions formulated, and a motion for judgment notwithstanding the verdict decided, by a judge with expertise in bankruptcy law. There is no assurance that better instructions and a better determination would be made by a district court judge.

Under 28 U.S.C. § 157 each district court is empowered to refer any or all cases arising under or related to cases arising under Title 11 of the United States Code, except personal injury, tort or wrongful death claims, to the bankruptcy judge for the district. By Order of Referral of Bankruptcy Cases, filed July 27, 1984, the United States District Court for the Eastern District of Oklahoma referred all cases and proceedings to this Court. Pursuant to the referral order this proceeding was referred for determination of the matters involved in this action. The District Court Rules for Bankruptcy Practice and Procedure provide at Rule B–14 that Bankruptcy Judges shall conduct jury trials.

■ In *Young v. Saker, Id.* at 811, the Court illustrates the illogic of concluding that the bankruptcy courts which are empowered to determine cases and proceedings cannot conduct jury trials.

> If, as Kaiser held, there is no constitutional objection to the bankruptcy court entering a final judgment in a traditional bankruptcy dispute, there can be no similar objection to its conducting a jury

trial in order to reach the decision embodied in the judgment.[4]

Based upon the history of jury trials in bankruptcy court, our analysis of the 1984 amendments and the referral of bankruptcy cases to this court, we conclude that this Court is empowered to determine whether there is a right to trial by jury and further that this Court is empowered to conduct a jury trial in core proceedings and non-core proceedings in which all parties so consent.

Turning to the substantive merits of the Trustee's Motion to Strike Demand for Jury Trial, we must now determine whether the Rodgers have a right to jury trial as to plaintiff's claims.

■ Federal law determines whether the Rodgers are entitled to a jury trial because the trustee sued in federal court. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Byrd v. Blue River Cooperative*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Pettigrew v. Graham*, 747 F.2d 1383 (11th Cir.1984). Under federal law the right to jury trial has two potential sources, the Seventh Amendment to the Constitution or a Statute of the United States. The pertinent sections of the Bankruptcy Code, 11 U.S.C. §§ 544, 547, 548, and 550, contain no provision for or against jury trials. See *Pettigrew v. Graham*, 747 F.2d 1383, 12 B.C.D. 704 (11th Cir.1984) and *Matter of Newman*, 14 B.R. 1014 (Bankr.S.D.N.Y.1981). In the absence of a specific statute the right to trial by jury derives from the Seventh Amendment.

■ The Seventh Amendment provides "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ..." In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court found that while the Seventh Amendment intended to preserve the right to jury trial as it existed in 1791, the right extends beyond the common-law forms of action recognized at that time. In *Curtis*

*v. Loether, Id.* the Supreme Court quoted an 1830 opinion wherein Justice Story established the basic principle:

... By *common* law, (the Framers of the Amendment) meant ... not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered ... *Parsons v. Bedford*, 3 Pet. 433, 446, 28 U.S. 433, 446, 7 L.Ed. 732 (1830). (emphasis in original)

Based upon the foregoing analysis of the Seventh Amendment the right to jury trial depends on whether the proceeding is at law or is in equity. The Court is aware of the line of cases that determine the right to jury trial in bankruptcy by whether the court has summary or plenary jurisdiction, e.g. *McLouth Steel Corporation v. AJF, Inc.*, 38 B.R. 316 (Bankr.E.D.Mich.1984) and *In Re Sunair International Inc.*, 32 B.R. 142 (S.D.Fla.1983). Although the 1984 Amendments to the Code posthumously revive the distinction between summary and plenary actions since Congress apparently intended "core" proceedings to include matters which were within the traditional summary jurisdiction of the bankruptcy courts, this Court follows the line of cases that determine entitlement to jury trial by whether the cause of action lies in equity or is brought at law. Indeed, a summary/plenary analysis often reduces itself to a law/equity analysis.

The right to a jury trial in bankruptcy depends upon the nature of the cause of action. The trustee's complaint seeks to set aside avoidance of fraudulent transfers, reconveyance of the property or its value, attorney fees, and a lien to secure payment of judgment. An action by a creditor or trustee in bankruptcy to set aside a fraudulent conveyance of property has long been

---

**4.** The reference to "Kaiser" is to the case of *Salomon v. Kaiser*, 722 F.2d 1574 (2nd Cir. 1983).

recognized in this country as within the jurisdiction of equity where the Seventh Amendment does not require jury trials. See *Hobbs v. Hull,* 1 Cox Ch. 445 (1788); *Mississippi Mills v. Cohn,* 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052 (1893). The Tenth Circuit ruled on the right to jury trial under similar facts involving an action by a bankruptcy trustee to recover fraudulent conveyances of money and property. In *Senchal v. Carroll,* 394 F.2d 797 (10th Cir.1968), the Court upheld the trial court's denial of jury trial and found:

> In the case at bar the action is basically an equitable one calling for relief only equity can afford. It is not a part of the bankruptcy proceedings, but is an independent equitable proceeding seeking to revest property in the bankruptcy estate.

The basic relief sought by the Trustee is a declaration that the transfers of property be held null and void and that the Rodgers be directed to reconvey the property. The Trustee seeks money damages only as an alternative to reconveyance of the property. The request for damages is intended to take effect only if the equitable relief of reconveyance is unavailable. The Court accordingly finds that the prayer for money is an alternative remedy that is incidental to the Trustee's primary equitable relief of recovery of the alleged fraudulent conveyances. The Supreme Court said in *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), "We need not, and do not, go so far as to say that any monetary relief must necessarily be 'legal' relief." Where a cause of action seeking monetary relief is integral to the equitable relief sought the action lies in equity with no right to jury trial. See *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982); *Turner v. Wlodiaski,* 43 B.R. 705, 12 B.C.D. 479 (Bkrtcy.S.D.N.Y. 1984) 8 Bankr. 746 (D.Ga.1980) and *Towers v. Titus,* 5 B.R. 786 (N.D.Cal.1979).

The remaining prayers for relief are all equitable in nature and as such do not mandate trial by jury. The Trustee's cause of action for attorney fees incurred as a result of having to commence the fraudu-

lent conveyance action is essentially equitable in nature. See *In re Newman,* 14 B.R. 1014 (Bankr.S.D.N.Y.1981). The cause of action for a lien to secure payment of judgment is in essence a request for imposition of a constructive trust which is equitable relief. See *Busey v. Fleming,* 8 B.R. 746 (D.Ga.1980). Finally, the Trustee prays for such other relief as may seem proper. This catchall request is similarly equitable in nature. See *Whitlock v. Hause,* 694 F.2d 861 at 865 (1st Cir.1982).

The Rodgers are not entitled to a trial by jury because there is neither a Seventh Amendment nor a statutory basis for the demand for jury trial. Accordingly, the jury demand is stricken.