In re Leon WRIGHT, Levmark Corporation, NDI, Inc. NDI Foods, Inc., Consumer Development Corporation, Inc., Consumer Commodities Corp. of America, A/R Resources, Inc. (New York), NDI Video, Inc., International Company for Business Options, Inc., A/R Resources, Inc. (Georgia), Levmark Capital Corp., Debtors.

Misc. No. M–47B.

United States District Court, S.D. New York.

May 22, 1998.

James Gluckman, Rattet, Highlander & Pasternak, Harrison, NY, for Appellant.

Robert E. Bailey, Winthrop, Stimson, Putnam & Roberts, David A. Sifre, Stroock & Stroock & Lavan L.L.P., New York City, for Appellees.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

### INTRODUCTION

The Debtors collectively appeal from an order of the United States Bankruptcy Court (Connelly, BJ), dated February 11, 1998, denying Debtors' request for an order that would deem unspecified future pleadings, testimony, and discovery compliance by debtor Leon Wright during the course of these Chapter 11 proceedings not to constitute a waiver of his privilege against compelled self-incrimination under the Fifth Amendment to the United States Constitution and cognate state constitutional provisions. For the rea-

sons stated below, this Court concludes that under Article III, Section 2 of the United States Constitution, the Court lacks jurisdiction over this Appeal because it, in effect, seeks an advisory opinion regarding contingent and hypothetical future events. The Appeal is, therefore, dismissed.

## BACKGROUND

On August 21, 1997, Leon Wright filed a petition pursuant to Chapter 11 of the bankruptcy laws. Subsequently, the other debtors (collectively, the "corporate debtors"), each of which is owned or controlled by Wright, also filed Chapter 11 petitions. After Levmark Corporation; NDI, Inc.; and NDI Foods, Inc. filed Chapter 11 petitions on November 3, 1997, the Bankruptcy Court, on November 7, 1997, entered an order providing for joint administration of the estates of these three debtors and of Wright. Mr. David Kittay was appointed Examiner in each of these cases.

In January 1998, seven other corporate entities affiliated with Wright—Consumer Development Corporation; Consumer Commodities Corp. of America; A/R Resources Corp. (New York); A/R Resources Inc. (Georgia); NDI Video, Inc.; International Companies for Business Options, Inc.; and Levmark Capital Corp.—each filed Chapter 11 petitions. These corporate debtors have each submitted an application for appointment of an Examiner. On January 30, 1998, the Bankruptcy Court entered an order consolidating the cases.

Prior to the filing of the Chapter 11 petitions, Wright and the corporate debtors were in the business of managing high yield and high risk investments. On December 22, 1997, Mezzonen, S.A., a creditor, filed a complaint against Wright and many of the corporate debtors, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* According to counsel for Wright, there may be an investigation by the FBI and the United States Attorney's Office into the operation by Wright of certain of the corporate debtors. Wright has not filed required schedules, has not allowed himself to be deposed by the Examiner, and has declined to provide other requested information, all due to uncertainty about whether such actions would constitute a waiver of Wright's privilege against compelled self-incrimination.

The Debtors have requested an order that whatever documents Wright produces or whatever statements he makes in connection with the administration of the Debtors' estates will not constitute a waiver of Wright's Fifth Amendment rights. In denying Debtors' request, the Bankruptcy Court described the Debtors' Application as "seek[ing] immunity under the guise of a protective order" and concluded that it is "not for the Bankruptcy Court to exercise what is an Article 3 Court's power and prerogative."

## DISCUSSION

■ Federal courts are barred from rendering opinions with respect to "abstract, hypothetical, or contingent questions." *Alabama State Fed. of Labor v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945). Rather, federal courts may adjudicate only live controversies and must generally refrain from issuing advisory opinions. *United States v. Fruehauf,* 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961).

■ The Debtors assert, correctly, that Wright may assert his Fifth Amendment rights in a bankruptcy proceeding in order to justify a refusal to provide information otherwise relevant to the administration of an estate. *See In re Martin–Trigona,* 732 F.2d 170 (2d Cir.1984); *In re Salzman,* 61 B.R. 878 (Bankr.S.D.N.Y.1986); *In re Minton Group, Inc.,* 43 B.R. 705 (Bankr.S.D.N.Y. 1984). The Debtors are also correct that there is a presumption against finding a waiver of Fifth Amendment rights on the basis of prior testimony. *See, e.g., Klein v. Harris,* 667 F.2d 274, 287 (2d Cir.1981); *In re DG Acquisition Corp.,* 213 B.R. 883, 887 (S.D.N.Y.1997). The Debtors note that the Court possesses wide latitude, under Fed. R.Civ.P. 26 and Bankruptcy Rules 7026 and 9014, to issue a protective order for the purpose of "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FedR.Civ.P. 26(c). A protective order may provide "that

the disclosure or discovery may be had only on specified terms and conditions." Fed. R.Civ.P. 26(c)(2). Finally, the Debtors cite abundant authority for the proposition that protective orders entered in civil cases are enforceable to prevent discovery by the government for use in a criminal prosecution. *See, e.g., Palmieri v. State of New York,* 779 F.2d 861, 864 (2d Cir.1985) (citations omitted); *Martindell v. Int'l Telephone and Telegraph Corp.,* 594 F.2d 291, 295–296 (2d Cir. 1979); *United States v. Oshatz,* 700 F.Supp. 696, 700 (S.D.N.Y.1988) (observing that as "Martindell and its progeny make clear, civil protective orders can be enforced against criminal trial subpoenas").

From these widely accepted legal principles, the Debtors conclude that the Bankruptcy Court could, and should, have issued an order assuring Wright that whatever information or statements he provides in connection with the administration of the bankruptcy estates would not waive his privilege to be free from compelled self-incrimination. The Debtors imply that without the requested relief Wright might be deprived of his Fifth Amendment rights.

However, none of the cases cited by Debtors suggest that a protective order is an appropriate mechanism to secure the relief they seek. By the Debtors' own admission, none of the cases on which they rely involve protective orders issued in a bankruptcy proceeding. Additionally, the Debtors' analysis ignores the fact that while protective orders may be used to elicit otherwise unavailable testimony, in all of the cases they cite, the protective order was consented to by all parties. *See United States v. Alex. Brown & Sons, Inc.,* 963 F.Supp. 235 (S.D.N.Y.1997) (consent decree); *Palmieri,* 779 F.2d at 865; *Martindell,* 594 F.2d at 292; *Oshatz,* 700 F.Supp. at 699. In this case, the proposed order is opposed by Jackson National Life Insurance Company and Mezzonen, S.A., both creditors of the Debtors. Moreover, in none of the cases relied upon by the Debtors did the protective order purport to preclude a waiver of Fifth Amendment rights. In those cases, the central issue concerned disclosure to a third party of voluntary testimony subject to a protective order to which parties to the civil litigation had consented.[1] The proposed order in this case would govern not the disclosure of information so much as its legal effect.

■ Ultimately, the Debtors' request would require this Court to determine in advance the legal effect of future testimony in a context where the testimony is as yet unspecified. Wright has neither asserted the privilege, nor provided any testimony. A federal court "cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. City of New York,* 143 F.3d 31, 34 (2d Cir.1998) (quoting *Oriental Health Spa v. City of Fort Wayne,* 864 F.2d 486, 489 (7th Cir.1988)). This Court is not empowered to issue an advisory opinion regarding the legal effect of such unspecified future testimony.[2] *See United Public Workers of America v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947) (refusal to grant relief on speculative claim based upon unspecified future conduct).

## CONCLUSION

For the reasons stated, the Clerk of the Court is directed to dismiss the appeal.

**SO ORDERED.**

---

1. The *Martindell* Court explicitly deemed it "unnecessary for us to decide the Fifth Amendment issues raised by the parties." *Martindell,* 594 F.2d at 297.

2. The proposed order would also preclude a subsequent finding of waiver that might otherwise be legally required by Wright's future testimony.

*See Klein v. Harris,* 667 F.2d at 287 (waiver should be found if the prior testimony likely distorts the truth and the witness should have known that his prior statements would be interpreted as a waiver of his Fifth Amendment privilege).